IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

**MARK E. STARR, No. 08881-033,**

    **Petitioner,**

vs.                                       **CIVIL NO. 10-cv-813-DRH**

**THE UNITED STATES OF AMERICA,**

    **Respondent.**

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

    This case is before the Court on Petitioner's writ of habeas corpus. Petitioner, an inmate in the Federal Correctional Institution in Marion, Illinois, brings this habeas corpus action pursuant to 28 U.S.C. §2241 to challenge the sentence that was imposed after his December, 2004, conviction in the Eastern District of Kentucky. Petitioner pled guilty to ten counts involving the production and receipt of child pornography, and was sentenced to 360 months' imprisonment.

    In June, 2006, Petitioner filed a motion pursuant to 28 U.S.C. § 2255 in the Eastern District of Kentucky, alleging that his trial counsel was ineffective, his plea agreement was invalid, the court lacked subject matter jurisdiction, and claiming actual innocence. This motion was denied by the trial court on July 31, 2007, which found that the Petitioner had waived his right to collaterally attack his

conviction when he entered his guilty plea. Petitioner's subsequent appeal of this decision was denied by the Sixth Circuit, and the U.S. Supreme Court declined review on May 4, 2009. Petitioner then attempted to appeal to the Sixth Circuit, which construed his pleading as a request to file a second or subsequent § 2255 motion, and denied that request on July 9, 2010. (Doc. 77, No. 04-CR-91, E.D. Ky.)

Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." **RULES GOVERNING § 2254 CASES IN THE U.S. DIST. CTS. R. 4 (2010)**. Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases. *Id.* **R. 1(b)**. After carefully reviewing the petition in the present case, the Court concludes that Petitioner is not entitled to relief, and the petition must be dismissed.

Normally a person may challenge his federal conviction only by means of a motion brought before the sentencing court pursuant to 28 U.S.C. § 2255, and this remedy usually supersedes the writ of habeas corpus. A § 2241 petition by a federal prisoner is generally limited to challenges to the execution of the sentence. *Valona v. United States,* **138 F.3d 693, 694 (7th Cir. 1998);** *Atehortua v. Kindt,* **951 F.2d 126, 129 (7th Cir. 1991).** *See also Waletzki v. Keohane*, **13 F.3d 1079, 1080 (7th Cir. 1994) ("[A] prisoner who challenges his** *federal*

**conviction or sentence cannot use [§ 2241] at all but instead must proceed under 28 U.S.C. § 2255." (emphasis in original))**. However, a petition challenging the conviction may be brought pursuant to 28 U.S.C. § 2241 if the remedy provided by 28 U.S.C. § 2255 is inadequate or ineffective.

Petitioner contends that he is one of those for whom the § 2255 motion is inadequate or ineffective to test the legality of his detention. However, the fact that Petitioner may be barred from bringing a successive § 2255 petition is not, in itself, sufficient to render it an inadequate remedy. ***In re Davenport,* 147 F.3d 605, 609-10 (7th Cir. 1998) (§ 2255 limitation on filing successive motions does not render it an inadequate remedy for a prisoner who had filed a prior § 2255 motion)**.

In *Davenport*, the Seventh Circuit considered the meaning of "inadequacy" for purposes of § 2255. The Seventh Circuit stated that "[a] procedure for post-conviction relief can fairly be termed inadequate when it is so configured as to deny a convicted defendant *any* opportunity for judicial rectification of so fundamental a defect in his conviction as *having been imprisoned for a nonexistent offense*." ***Davenport,* 147 F.3d at 611 (emphasis added)**. The Seventh Circuit clarified this standard, stating that "actual innocence" is established when a petitioner can "admit everything charged in [the] indictment, but the conduct no longer amount[s] to a crime under the statutes (as correctly understood).**"** ***Kramer v. Olson*, 347 F.3d 214, 218 (7th Cir. 2003)**.

Such is not the case here. Petitioner does not suggest that the charged conduct is no longer a crime due to some subsequent change in the law as contemplated by the ***Kramer*** court. To the contrary, Petitioner asserts that he is "actually innocent" of his crime because in his guilty plea colloquy and recitation of the factual basis for the plea, he claims that one of the three required elements was never established: that he "knew and had reason to know" that the sexually explicit pictures he took would be "transported in interstate commerce" over the internet. (Doc. 1, p. 10; referring to 18 U.S.C. § 2251(b)) Consequently, he argues that his conviction should not be considered valid, because he claims he pled guilty to only two of the required three elements of the offense, and asserts that the trial court failed to explain all the elements of the offense before accepting his plea. This is the same argument advanced by Petitioner in his § 2255 motion which was denied by the Federal District Court in the Eastern District of Kentucky, and affirmed on appeal to the Sixth Circuit.

Petitioner's "actual innocence" claim is an attempt to extricate himself from a plea agreement that the trial court found to be knowing, voluntary, and entered into with the assistance of counsel. Nothing in the instant petition establishes that Petitioner was not fully aware of the direct consequences of his plea, or that he was not made aware of the nature of the charges against him, lacked competent counsel, or was unable to understand the proceedings. ***See Brady v. U.S.*, 397 U.S. 742, 755-57 (1970)**. There is no basis for this Court to find that Petitioner's plea was not voluntarily or intelligently made.

The plea agreement included a waiver of the Petitioner's right to collaterally attack his guilty plea and conviction. Had he not waived his right to attack his sentence under § 2255, raising his claims in a § 2255 motion would have been procedurally correct. Section 2255 thus does not prove to be an inadequate remedy for Petitioner's claim, and under ***Davenport***, he cannot raise the claim under § 2241.

Therefore, § 2241 cannot provide Petitioner with the desired relief, and this action is summarily **DISMISSED** with prejudice.

**IT IS SO ORDERED.**

**DATED: February 11, 2011**

David R. Herndon
2011.02.11
15:56:49 -06'00'

**Chief Judge**
**United States District Court**